By the Court.
This is a proceeding in mandamus to compel the defendants, Deputy State Supervisors of Elections of Gallia county, to open and count the sealed ballots cast at the primary election held on the 10th of August, 1920, for the Republican nomination of a candidate for the office of county commissioner.
The petition alleges that the returns, as canvassed by the defendants, purported to show that one Dan Jones was nominated for the office of county commissioner by a majority of one vote over the relator ;\that the relator duly filed his written protest against and objections to the certification of the nomination of the said Dan Jones; that the votes cast for the nomination of county commissioner, as aforesaid, at that election, were not prop *366 erly counted; that the canvass of said primary made by the election judges of the various election precincts of said county did not correctly state the result of the said primary election; that if the ballots and votes cast at said primary had been truly counted and correct returns thereof made they would have shown that the relator, Allen Wood, received a larger number of votes for the nomination to said office than were cast thereat for said Dan Jones; and that relator is informed and believes that two or more ballots in Perry township of said county were illegally counted for said Jones and that two or more ballots were illegally cast in said Perry township at said primary election and illegally counted for said Jones.
The petition prays that a writ of mandamus issue commanding the defendants to open the ballot boxes containing the said ballots and to count all of the ballots and votes cast at said primary for said Wood and Jones as candidates for the office of county commissioner, and to certify the relator as the rightful nominee.
The case was argued and submitted here on demurrer to the petition.
The authority to file a protest in such circumstances as here shown is found in Section 4974, General Code (106 O. L., 549), and the procedure to be followed is defined in that section. Pertinent portions of the section are as follows:
“Protests in writing against the candidacy of any person seeking to become a candidate of any political party may be filed only by a recognized member of such party or by the controlling com *367 mittee thereof. * * * In the case of protests filed against candidates for county offices * * * the same shall be heard and determined by the board of deputy state supervisors of such county and its decision shall be final. * * * If it is found that such candidate is not an elector of the state, or of the district or county in which he seeks to become a candidate, or has not fully complied with the provisions of law as herein provided, his name shall be withdrawn and shall not be printed upon the ballot.”
Under the provisions of that section the supervisors of elections had authority to withdraw the name of a candidate only when it appeared that he was not an elector of the county or that he had not complied with the provisions of law concerning primary elections.
Manifestly these provisions related to the qualifications of the candidate to be a candidate, and to the question whether he himself had done the things which would give him the right to have his name printed on the ballot.
No provision of the statute has been called to our attention which confers upon the deputy state supervisors the right to make a recount of the ballots at any election held under their supervision.
Section 5148, General Code, provides that the right of a person declared duly elected to any county office, or to the office of probate judge, may be contested by any elector of the county by appeal to the court of common pleas of the county, and Section 5090-1, General Code (106 O. L., 209), provides that in cases of contested elections the *368 parties contesting the same shall have the right, after a prima facie case of fraud, mistake or error is shown, to have said ballots opened and all errors made in counting corrected.
It is clear that if the word “elections” in this section shall be held to include primary elections, and the phrase “contested elections” to include contested primary elections, then the provisions of the statute regulating contested elections would have to be followed, and under the provisions of Section 5148, General Code, supra, the jurisdiction in such case is conferred upon the court of common pleas.
It is contended that Section 5006, General Code, contains authority to make the recount sought in this case. By the provisions of Section 5005, General Code, it is enacted that certificates of nomination and nominating papers shall be preserved and be open under proper regulations to public inspection, and that if in apparent conformity with the provisions of this chapter (Ch. 7, Tit. XIV, Part First) shall be deemed to be valid, unless objection thereto is made in writing in five days after the filing thereof; and Section 5006 provides that “Such objections or other questions, arising in the course of the nomination of candidates, shall be considered as follows.” Then follow provisions under which the objections, or other questions, as to state, district, county, township and municipal offices, shall be considered by the different boards of supervisors, in each instance it being provided that the decision shall be final.
Before the writ of mandamus can issue it must be shown that the defendants were clearly invested *369 with the authority to do the thing which they are here sought to be ordered to do.
If the language “such objections or other questions arising in the course of the nomination of candidates” shall be held to be broad enough, and that the legislature intended thereby to clothe the supervisors in the different subdivisions of the state, and the state supervisor with respect to state officers, with authority to conduct a recount of the ballots at a primary election, it would seem to logically and necessarily follow that the language would be broad enough to include everything involved in any proceeding to contest a primary election.
Such a conclusion we think is not warranted from the language used. Section 21, Article II of the Constitution, provides: “The general assembly shall determine, by law, before what authority, and in what manner, the trial of contested elections shall be conducted.”
As already pointed out the statute has conferred such authority upon the courts of common pleas as to contests of elections. If it had been the intention of the legislature to confer upon the supervisors the power to conduct proceedings for the contest of primary elections, apt and definite language would have been used for that purpose.
For these reasons the demurrer will be sustained and the writ refused.

WHf refused^

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Avery, JJ., concur.
Robinson, J., took no part in the consideration or decision of the case.